The first case is Muchavi Volkswagen. Thank you. Good morning, your honors, and may it please the court. I've reserved three minutes for rebuttal. The complaint adequately pleads the defendants engaged in anti-competitive conduct during the class period. The complaint does not base its falsity allegations on whether defendants broke the law, but rather alleges that they engaged in anti-competitive conduct. For example, the complaint pleads with particularity that defendants colluded with a group of five on steel prices so that no one member could gain a competitive advantage by purchasing steel more strategically than its competitors. The complaint pleads at least an equally cogent and compelling inference that defendants recklessly omitted this anti-competitive steel pain-sharing agreement. Well, the complaint does have repeated references, does it not, to unlawful conduct, not just anti-competitive conduct. I mean, Volkswagen was engaged in anti-competitive conduct that violated the competition laws. Yes, your honor. So what is the, so what's the difference? What's the distinction are you making? The complaint pleads both, your honor. First, the securities fraud claim here isn't premised on illegality. It doesn't matter whether the agreement was illegal. It's premised on whether defendants misled in their risk disclosures. But it also does plead illegality. It pleads that defendants violated European and German law and withheld their illegal conduct from investors. However, your honor, if the court finds that illegality is required and that the current complaint does not sufficiently plead it with sufficient detail and particularity, we have additional information that we can amend to add. And the district court erred by committed reversible error by not taking that information into consideration when it granted the motion to dismiss with prejudice. If you didn't actually make a request to amend at any point. And so I think in your brief, you talk about that it's, you describe it as a contingent request. Is there case law supporting that that is enough to qualify as a request to amend? Yes, Judge Lee. The case Lorelei versus Wells Fargo is clear and directly on point on this issue. Plaintiffs properly raised leave to amend because Lorelei permits that, permits plaintiffs to first make a contingent request offer to amend before ruling without forfeiting the opportunity to replead. And more, your honor, the facts here are actually stronger than in Lorelei. We specifically requested leave to replead. If the district court disagreed that the complaint was sufficient, we use the language should the court find it necessary, accompanied by the evidence and allegations that we plan to add. The Lorelei plaintiff's contingent request was not accompanied by any proposed cure to the pleading defects. You wanted to amend to add allegations that after briefing had closed, Volkswagen was fined and the European commission made a preliminary finding of anti-competitive conduct. Can you explain how that would have made a difference to the district court's determinations? Yes, your honor. So the district court actually identified the complaint should have survived. And I believe that is in A169. The district court's decision is really premised on that issue. They're saying that plaintiffs have raised a strong inference of scienter as to the anti-competitive statements, the 2016 competition statements. But the court finds that even if defendants did know that they were engaged in anti-competitive conduct, plaintiffs have not said that the statement was false and misleading because they did not plead illegality. And the European commission found that the defendants were committed illegal acts in connection with the AdBlue tanks. And the that it was engaged in anti-competitive practice in the purchase of steel products. How long before your contingent request to amend had those two statements been made? I believe that the first was made in June and we made that request in December. And pardon me, Judge Karras, I'm just going to check the dates. Wasn't the European Commission's press release more than a year before your letter to the court? Yes, I apologize, your honor. It was April 5th, 2019. And the German authority was January 2020. And your honor, we did not think at the time that these releases came out that we did need to amend because we have put our case on the basis of anti-competitive conduct rather than illegality. So we thought that our pleading was sufficient to survive a motion to dismiss. And could you just marshal your argument as to how this complaint adequately pleads anti-competitive conduct as opposed to lawful cooperation? Yes, your honor. So the issue is that each of these anti-competitive agreements, some of them may be legal and some of them may be illegal. That's true. There were 60 working groups that the group of five had of over 200 employees that worked together on agreements cooperation between these companies. But the fact is that each of these agreements, even if one of them may have been legal, each of them was the tip of an iceberg. And if you had disclosed one, regulators and investors would have wanted a similar view of the actual iceberg and seen the entire iceberg for what it was. And for that reason, that raises the coaching and compelling inference of Sienter because they needed to withhold agreements, even if, for instance, the Steele agreement, if they had theoretically would have been great news for investors, they had contained some of the price of Steele. And the reason that they didn't disclose it was that they knew that if they disclosed the tip of the iceberg, then investors and regulators would want to know the rest. And I just want to add, your honor, if I may, that there is an holistic analysis of all of these factors. And what defendants kind of tacitly urge you to do is go statement by statement and say, you know, maybe IAS doesn't require disclosure of the self-report, or this particular agreement may not be illegal, or one statement might be puffery. But that's an improper review, because that would be a siloed kind of issue by issue approach. But this court is going to look at the complaints allegations holistically. And the complaint pleads that there is a way of doing business, that Volkswagen was engaged in it, pervaded the entire company and all of its operating units. This wasn't one agreement. It wasn't one deal about technology. It is about the way that they did business as a company. Thank you. We'll hear from your adversary. Thank you. Good morning, your honors. May it please the court. Suhana Han from Sullivan and Cromwell on behalf of defendants. Your honor asked the correct question when you noted the fact that there are in fact allegations in the complaint that specifically reference illegal conduct. So the district court below was correct. But aren't there, can I just jump in? I'm sorry, aren't there also allegations in the complaint that don't allege illegal conduct? Aren't some of the allegations, in fact, don't mention illegality at all? They talk about things, you know, such as the anti-competitive statements that those were false because, in fact, they were not engaged in active competition, but they're not alleging illegal behavior. Yes, your honor. The complaint alleges both illegal conduct and anti-competitive conduct. But under both prongs, the district court below correctly found that plaintiffs failed to plead with particularity that the challenge statements were false and misleading. With respect to the illegality prong, plaintiffs don't meaningfully try and dispute the fact that they have failed to comply with this court's decisions in Gam and Danska, where this court made clear that where plaintiffs claim that statements are false or misleading due to non-disclosure of illegal activity, such illegality must be pled with particularity. With respect to their anti-competitive allegations, Judge Breyer's decision in a case brought in the Northern District of California is very instructive. As Judge Irizarry found below, Judge Breyer in the California case dismissed with prejudice a complaint that alleged the same fraud case. And that dismissal with prejudice was also affirmed by the Ninth Circuit. Now, Judge Breyer's opinion looked at the same allegations at issue here, including the European Commission's preliminary view of conduct with respect to emissions cleaning technology, as well as the fine with respect to the steel pricing. With respect to the European Commission's preliminary view, the judge made clear in the antitrust case in California that even Volkswagen's application for leniency was not an admission of wrongdoing and in fact was too general and too vague in order to support the broad agreement that plaintiffs in that case alleged. With respect to the steel conspiracy, Judge Breyer also noted that there is no allegation that the automobile manufacturers, including Volkswagen, had engaged in anti-competitive conduct. In fact, it was the steel manufacturers who were alleged to have set the prices, unilaterally set the prices. And so even under both the anti-competitive prong, Judge Irizarry correctly found that plaintiffs have failed to plead with particularity. I also would like to address this Court's question with respect to amendment. As you noted correctly, amendment was raised over one year after the European Commission preliminary view when they announced it in their April 2019 press release. Plaintiffs waited for over a year to bring it, to even seek amendment, and in doing so what they did was mentioned it in a footnote. And there is no issue with respect to Judge Irizarry declining to grant the amendment without analysis. We point to the Tamoxifen case that supports Judge Irizarry's finding. But more importantly, even if plaintiffs were allowed to amend their complaint to add two press releases, that would not change the analysis for the same reasons that Judge Irizarry found in her report. With respect to the European Commission press release, which by the way was a preliminary view, there is nothing that plaintiffs have pointed to. No challenge statements that they can point to that they would say would be rendered false and misleading by adding these two press releases. With respect to the European Commission preliminary view, all that they found was that Volkswagen and the other car manufacturers limited the development of technology to clean emissions and diesel and passenger vehicles. There is not one single challenge statement at issue in this case that deals with this clean diesel emissions technology. With respect to the fine of issued by the Federal Cartel Office, I note that this involved conduct for steel prices alleged to be less than one-third of one percent of the cost of manufacturing of a car. So the first basis for which Judge Irizarry had dismissed the complaint, the amended complaint on the alternative grounds, that there's no false statement, no misleading statement, no actionable statement. That holding would also apply if plaintiffs were allowed to amend. More fundamentally, plaintiffs also would not be allowed, plaintiffs also fail to allege scienter with the required particularity under Rule 9b and the PSLRA. Could I ask if you could address the the allegation that Volkswagen was required to disclose under the international accounting standard? Yes, so plaintiffs do not dispute that such disclosure is required only if there is knowledge of a government investigation. There is no allegation in the complaint where plaintiffs say that Volkswagen was aware of any type of investigation prior to the 2016 annual report. Plaintiffs do claim that there was an investigation in June 2016, but that investigation had nothing to do with Volkswagen. Plaintiffs themselves acknowledge that that investigation involved steel manufacturers, not Volkswagen. So there's nothing in the complaint that remotely suggests that Volkswagen was aware of any investigation prior to the 2016 annual report publication. If I may, Your Honor, unless you have further questions, I'd like to finish the point about that that would dispose of any argument that plaintiffs are entitled to amend their complaint because it would be futile. Again, there is nothing in the amended complaint, which they've already amended, by the way, when the second German article came out. There is nothing in the allegations, nothing in the two announcements that they proposed to add in a further amended complaint that would change the scienter allegation. Again, everything that plaintiffs have alleged in their complaint, nothing remotely satisfies the heightened pleading standard. There's no allegation that any of the individual defendants or anybody whose knowledge could be imputed to the company had a clue that there was allegedly any competitive or illegal conduct at issue. Excuse me. So this is in essence a fraud by hindsight problem. Absolutely, Your Honor. This is fraud by hindsight. And I would also add that the fine, the fine that was issued, that was issued, you know, several years after the last challenge statement in the 2016 annual report. So again, even if plaintiffs were allowed to amend the complaint, there is nothing that they have remotely suggested could satisfy scienter. And so Judge Irizarry correctly dismissed the complaint with prejudice, correctly denied them the opportunity to replete. We'll hear rebuttal. Thank you very much, Your Honors. I'd like to address a few issues. First, the district court did not address both the issues of illegality and anti-competitive conduct. It specifically held that the complaint failed because it did not allege illegal conduct. Second, I'd like to just very quickly address the issue of the Damski Bank case. So there are two major problems with applying this analysis to this case. First, of course, is that the securities fraud claim is not premised on illegality. It doesn't matter whether the pain sharing agreement was legal or illegal. Volkswagen's risk disclosures are central because they warn of the exposure to the volatility of steel prices and omit that Volkswagen was not exposed to be of its competitors. Risk disclosures cannot misrepresent a company's actual exposure. This court, Judge Livingston, you may recall, addressed this exact issue recently in Setzer v. Omega, where the court reversed dismissal and noted that defendants' hypothetical general risk disclosures about all of a company's operators were misleading in light of specific problems with specific operators. Volkswagen's agreement ensured that its cars would not increase in price relative to competitors due to any changes in the steel market, and that made its risk disclosures about the impact of the volatility of that price misleading. And, of course, Omega also tells us that you cannot disclose just the tip of the iceberg, which is exactly what defendants did. Second, I'd like to just very quickly address the decision by Judge Breyer. Judge Breyer found that there was no pleading of a Sherman Act violation in connection with the entire steel market. He wasn't looking at whether Volkswagen had exposure to the volatility of steel its actual competitors in the group of five. Specifically, I think the language is that no one had alleged that their agreement raised steel prices or harmed consumers in the market. That's not what's relevant here. So Judge Breyer's decision is just completely irrelevant. And, of course, it's also irrelevant to whether defendants violated European law and German law. And, finally, I'd like to very quickly address Tamoxifen, which is completely an opposite here. That decision just held that a court could rule on amendment implicitly by not addressing a request in a footnote when their plaintiff did not offer any new facts. But that's not what happened here. We offered to amend in a letter that provided new facts supported by exhibits. The new facts about the findings by the European and German courts. And for that reason, this actually fits squarely under Lorelei. Thank you, Your Honors. Thank you both. Nicely done on both sides. Very helpful.